UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:12-CV-00086-JHM-HBB

AUGUSTA M. EVANS                                          PLAINTIFF

V.

CINCINNATI INSURANCE GROUP                                DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [DN 16]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's motion is **DENIED**.

### I. BACKGROUND[1]

On July 21, 2010, Plaintiff sustained a traumatic brain injury during an automobile accident. The accident occurred at the intersection of U.S. Highway 60 and Kentucky Highway 141 in Union County, Kentucky. Daniel Cavins, who has acknowledged responsibility for the accident, crashed into the passenger side of a vehicle in which Plaintiff rode as a passenger. (See Dep. of Daniel P. Cavins [DN 19-1] 5–6.) Defendant insured Plaintiff at the time of the accident under its Personal Auto Policy No. A02 0299267. This policy provides Underinsured Motorist ("UIM") coverage with limits of $250,000 per person and $500,000 per occurrence. (See Auto Declarations [DN 19-2].)

On July 20, 2012, Plaintiff sued Daniel Cravens in the Union Circuit Court, seeking damages based on his negligence in the accident. (See State Ct. Compl. [DN 19-4].) That same date, Plaintiff filed suit against Defendant in this Court, seeking payment of UIM benefits under a contract theory. According to Plaintiff, she "had to file her complaint against Cincinnati to preserve the statute of limitations for recovery of the UIM benefits" since "Cincinnati's insurance policy reduces the statute

---

[1] These facts are taken in the light most favorable to Plaintiff, the non-movant.

of limitation for filing a complaint for UIM benefits against it to 'within two years from the date of the accident.'" (Pl.'s Resp. to Def.'s Mot. to Dismiss [DN 19] 2.)[2] Defendant has filed a motion to dismiss Plaintiff's complaint.

## II. DISCUSSION

In its motion to dismiss, Defendant asserts that: (1) Plaintiff's suit exposes it to the risk of inconsistent judgments; and (2) Plaintiff's claims against it are not ripe. Plaintiff counters that neither *res judicata* nor its ancillary legal companion, "splitting causes of action," apply here—and that its claims against Defendant are ripe. For the following reasons, the Court agrees with Plaintiff.

### A. RISK OF INCONSISTENT JUDGMENTS

Defendant argues that Plaintiff's suit exposes it to the risk of inconsistent judgments. According to Defendant, "[a]voiding scenarios in which different courts render inconsistent or contradictory judgments is a basic tenet of our judicial system, giving rise to doctrines such as *res judicata* and the rule against claim splitting." (Mot. to Dismiss [DN 16] 1.) While Defendant acknowledges that these doctrines are not "entirely applicable here because there has not been a resolution on the merits of a prior claim," Defendant maintains that "the essence of the rules" requires dismissal of this action. (Id. at 2.) Defendant states that adjudicating both cases would "result in trying the same case at the same time in different court systems," creating a situation where it could "become liable to the same party for multiple, inconsistent judgments arising out of the same transaction or occurrence." (Id.)

---

[2] The Court notes that Plaintiff's argument has merit. See Whisenant v. State Farm Mut. Auto. Ins. Co., 2013 WL 842586, at *3 n.6 (W.D. Ky. Mar. 6, 2013) (noting that the "Kentucky Court of Appeals has held that a two-year statute of limitations to commence an action for UIM benefits set forth in an insurance contract is 'not unreasonable'" and that such a period "is both reasonable and enforceable under Kentucky law" (internal citations omitted)).

As Plaintiff correctly notes, however, Defendant has failed to state any sound legal basis to support its motion to dismiss. First, the Court finds that *res judicata* is inapplicable. Federal courts sitting in diversity in Kentucky apply the *res judicata* standard of Kentucky. See Smith v. Bob Smith Chevrolet, Inc., 275 F. Supp. 2d 808, 813 (W.D. Ky. 2003). Under Kentucky law, *res judicata* only applies if the three following factors are met: (1) identity of the parties; (2) identity of the causes of action; and (3) resolution of the action on its merits. Id. In this case, these factors are absent. There is no prior judgment—let alone a judgment on the merits. The parties in the action are not identical, as Defendant is not a named party in the Union Circuit Court action. Also, the causes of action are distinct, with the Union Circuit Court action involving negligence and this action involving contract matters. Therefore, Plaintiff's case cannot be dismissed on *res judicata* principles.

Second, the Court finds that the rule against splitting causes of action is inapplicable. This rule "limits all causes of action arising out of a single 'transaction' to a single suit rather than proceeding piecemeal in multiple actions." Watts v. K, S & H, 957 S.W.2d 233, 235 (Ky. 1997). It is applicable when a plaintiff attempts to file different claims, under separate legal theories, in different courts against the same defendant. Id. at 235–37. In the present case, the parties are not the same, as Defendant is not a named party in the Union Circuit Court action. Also, the cases have different issues to be decided. Thus, Plaintiff's case cannot be dismissed under the rule against splitting causes of action.

Indeed, Defendant has failed to set forth any applicable legal theory to support its argument that Plaintiff's action must be dismissed due to a risk of inconsistent judgments. Thus, Defendant's motion is **DENIED**. Other courts have reached similar conclusions. See, e.g., Irving v. Progressive Speciality Ins. Co., 2012 WL 2912309, at *2 (E.D. Pa. July 17, 2012) (applying Pennsylvania law and holding that "insurance companies are not prejudiced by underinsurance suits when tort suits

are still pending so long as insurers are entitled to a credit of the full amounts of possible tortfeasors' insurance policy limits").

### B. RIPENESS

Defendant also argues that Plaintiff's claim against it is not ripe. According to Defendant, its obligation to make payments under the UIM policy "does not arise until there has been either a judgment rendered in excess of the tortfeasor's insurance coverage or a settlement" and until that time, it "has no liability, nor does it become a real party in interest." (Mot. to Dismiss [DN 16] 3.) However, under Kentucky law, a UIM claim ripens at the time of the accident. See Blair v. GEICO Gen. Ins. Co., 2013 WL 97737, at *4 (E.D. Ky. Jan. 8, 2013) (noting that with both uninsured and underinsured motorist claims, such coverage "*is first party coverage*, which means that it is a contractual obligation directly to the insured which must be honored even if the tortfeasor cannot be identified" (emphasis in original) (citation omitted)); see also Coots v. Allstate Ins. Co., 853 S.W.2d 895, 898 (Ky. 1993) (noting that an insurance carrier may be sued without first obtaining a judgment against the underinsured motorist, as the damages that the tortfeasor caused could be determined in the suit against the insurer). Id. Therefore, Plaintiff's claim against Defendant ripened on July 21, 2010—the date that the accident occurred. It cannot be dismissed on ripeness grounds.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [DN 16] is **DENIED**.

                                                    **Joseph H. McKinley, Jr., Chief Judge**
                                                    **United States District Court**

May 16, 2013

cc: counsel of record